UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARY ROBINSON,

        Petitioner,

v.                                           Case No. 5:19-cv-331-Oc-39PRL

WARDEN, FCC COLEMAN - USP II,

        Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this case by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Pet.). Petitioner challenges his 2008 conviction out of the United States District Court for the Western District of Virginia. He asks this Court to vacate his sentence and resentence him to time served. See Pet. at 1, 26. Petitioner concedes he previously challenged his conviction under 28 U.S.C. § 2255, though he contends a "new rule" makes his sentence illegal. Id. at 4. He asserts the "saving clause," § 2255(e), permits him to proceed under § 2241 because when he filed his motion to vacate under § 2255, "his claim was foreclosed by circuit or Supreme Court precedent." Id. at 7.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-

Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir.), cert. denied sub nom. McCarthan v. Collins, 138 S. Ct. 502 (2017) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). The Eleventh Circuit now makes clear that only under limited circumstances does § 2255's saving clause allow a federal prisoner to seek relief under § 2241. McCarthan, 851 F.3d at 1090. Under McCarthan, the saving clause applies only under these narrow circumstances:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017), cert. denied sub nom. Bernard v. Jarvis, 138 S. Ct. 1164 (2018) (citing McCarthan, 851 F.3d at 1092-93).

Accordingly, if a petitioner could have brought his claims in a § 2255 motion, even if those claims would have been foreclosed by binding precedent, the remedy is adequate and effective. McCarthan, 851 F.3d at 1086, 1090 (holding petitioner's remedy under § 2255 was "adequate and effective to test the legality of

2

his detention" because he filed a petition challenging his sentence, which "he could have brought in a motion to vacate"). See also Strouse v. Warden, USP Coleman II, 777 F. App'x 468, 469 (11th Cir. 2019) (holding the saving clause did not apply because the petitioner's claims "could and should have been raised in a § 2255 motion"); Bernard, 686 F. App'x at 730 (clarifying that, under the McCarthan test, "the only relevant consideration [for application of the saving clause] is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion").

Petitioner is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present here. For example, Petitioner does not challenge the execution of his sentence, and he does not assert the sentencing court is unavailable. See Bernard, 686 F. App'x at 730-31. Rather, Petitioner contends he could not have brought his claims in his § 2255 motion because they were "foreclosed by circuit or Supreme Court precedent." See Pet. at 7. Petitioner does not explain how or why his claims were foreclosed. However, even if they were, he fails to demonstrate the saving clause applies under the McCarthan test. See McCarthan, 851 F.3d at 1086 ("That [petitioner's] argument was foreclosed by precedent . . . is irrelevant.").

Notably, not only could Petitioner have raised his claims in his § 2255 motion, but he did. See Docs. 157, 158, W.D. Va. Case No. 2:07CR00014. In his § 2255 motion, Petitioner attacked his 2008 conviction asserting numerous grounds, including the two he asserts in the Petition before this Court: the district court failed to instruct the jury that "specific intent" is an element of the crime for which he was convicted; and the ineffective assistance of counsel for his attorney's failure to object to the jury instructions. See Pet. at 5, 22. Cf. Doc. 158 at 25, 27, W.D. Va. Case No. 2:07CR00014 (asserting the district court erred for failing to charge the jury on specific intent, and his trial counsel was ineffective for failing to object to the jury instructions).

Because Petitioner raised his claims in his § 2255 motion, his remedy under § 2255 was "adequate and effective to test the legality of his detention." See McCarthan, 851 F.3d at 1090. Petitioner may not use the saving clause as a mechanism to avoid application of the requirement to obtain permission to file a second or successive motion to vacate. See Strouse, 777 F. App'x at 468 ("A prisoner cannot utilize the saving clause as a means to circumvent . . . 'the process for obtaining permission to file a second or successive' § 2255 motion.") (citing McCarthan, 851 F.3d at 1091).

4

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing sua sponte dismissal if it is clear the petitioner is not entitled to relief), this case is due to be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of November, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Gary Robinson